# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In re: KOSOVA, ALLA V                  §    Case No. 16-11907-BTB
                                       §
                                       §
_Debtor(s)_ _____§

## CHAPTER 7 TRUSTEE'S FINAL ACCOUNT AND DISTRIBUTION
## REPORT CERTIFICATION THAT THE ESTATE HAS BEEN FULLY ADMINISTERED
## AND APPLICATION TO BE DISCHARGED (TDR)

      Brian Shapiro, chapter 7 trustee, submits this Final Account,
Certification that the Estate has been Fully Administered and Application to be Discharged.

      1)  All funds on hand have been distributed in accordance with the Trustee's Final Report
and, if applicable, any order of the Court modifying the Final Report. The case is fully
administered and all assets and funds which have come under the trustee's control in this case
have been properly accounted for as provided by law. The trustee hereby requests to be
discharged from further duties as a trustee.

      2)  A summary of assets abandoned, assets exempt, total distributions to claimants, claims
discharged without payment, and expenses of administration is provided below:

| | |
|---|---|
| Assets Abandoned:  $259,423.00 <br> *(without deducting any secured claims)* | Assets Exempt:  $188,006.57 |
| Total Distribution to Claimants: $3,562,205.90 | Claims Discharged <br> Without Payment: $1,249,598.54 |
| Total Expenses of Administration: $220,238.31 | |

      3)  Total gross receipts of $   3,782,444.21   (see **Exhibit 1** ), minus funds paid to the debtor
and third parties of $        0.00    (see **Exhibit 2**), yielded net receipts of  $3,782,444.21
from the liquidation of the property of the estate, which was distributed as follows:

**UST Form 101-7-TDR (10/1/2010)**

| | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|
| SECURED CLAIMS (from **Exhibit 3**) | $20,711.00 | $4,397,713.14 | $2,909,622.50 | $2,909,622.50 |
| PRIORITY CLAIMS: | | | | |
| CHAPTER 7 ADMIN. FEES AND CHARGES (from **Exhibit 4**) | 0.00 | 220,238.31 | 220,238.31 | 220,238.31 |
| PRIOR CHAPTER ADMIN. FEES AND CHARGES (from **Exhibit 5**) | 0.00 | 0.00 | 0.00 | 0.00 |
| PRIORITY UNSECURED CLAIMS (from **Exhibit 6**) | 0.00 | 211,082.22 | 209,622.50 | 209,622.50 |
| GENERAL UNSECURED CLAIMS (from **Exhibit 7**) | 2,045,320.00 | 1,552,475.36 | 1,469,667.44 | 442,960.90 |
| **TOTAL DISBURSEMENTS** | $2,066,031.00 | $6,381,509.03 | $4,809,150.75 | $3,782,444.21 |

4)  This case was originally filed under Chapter 7 on April 08, 2016. The case was pending for 15 months.

5)  All estate bank statements, deposit slips, and canceled checks have been submitted to the United States Trustee.

6)  An individual estate property record and report showing the final accounting of the assets of the estate is attached as **Exhibit 8**.  The cash receipts and disbursements records for each estate bank account, showing the final accounting of the receipts and disbursements of estate funds is attached as **Exhibit 9**.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Dated:  10/26/2017          By:  /s/Brian Shapiro
                                            Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4(a)(2) applies.

**UST Form 101-7-TDR (10/1/2010)**

## EXHIBITS TO
## FINAL ACCOUNT

### EXHIBIT 1 −GROSS RECEIPTS

| DESCRIPTION | UNIFORM TRAN. CODE [1] | $ AMOUNT RECEIVED |
|---|---|---|
| | 1290-000 | -11,000.00 |
| Turnover of funds in Wells Fargo accounts | 1229-000 | 16.39 |
| Turnover of retainer fee from Ballstaedt's offic | 1290-000 | 11,000.00 |
| 11 Anthem Pointe Ct, Henderson, NV 89052-0000, C | 1110-000 | 1,700,000.00 |
| Wells Fargo PMA Account #6500 | 1129-000 | 37,816.38 |
| Wells Fargo Teen Checking ending #8400 | 1129-000 | 40.00 |
| Wells Fargo Teen Checking ending #8418 | 1129-000 | 11.03 |
| Wells Fargo Teen Checking ending #8426 | 1129-000 | 42.52 |
| Wells Fargo checking ending #7265 | 1229-000 | 165,099.86 |
| Wells Fargo Savings ending #4339 | 1229-000 | 2,590.26 |
| Alla Wartenberg vs. Westpoint Development Group | 1249-000 | 1,000,000.00 |
| Insurance Claim with State Farm | 1290-000 | 465,827.77 |
| Retainer Fee from Former Attorney | 1290-010 | 11,000.00 |
| Global Settlement of Non-Exempt Assets | 1249-000 | 400,000.00 |
| **TOTAL GROSS RECEIPTS** | | **$3,782,444.21** |

[1]The Uniform Transaction Code is an accounting code assigned by the trustee for statistical reporting purposes.

### EXHIBIT 2 −FUNDS PAID TO DEBTOR & THIRD PARTIES

| PAYEE | DESCRIPTION | UNIFORM TRAN. CODE | $ AMOUNT PAID |
|---|---|---|---|
| | None | | |
| **TOTAL FUNDS PAID TO DEBTOR AND THIRD PARTIES** | | | **$0.00** |

## EXHIBIT 3 –SECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6D) | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 4 | JPMorgan Chase Bank, N.A. | 4110-000 | 20,711.00 | 20,116.04 | 0.00 | 0.00 |
| 5S | IndyMac Venture, LLC | 4220-000 | N/A | 4,377,597.10 | 2,909,622.50 | 2,909,622.50 |
| **TOTAL SECURED CLAIMS** | | | **$20,711.00** | **$4,397,713.14** | **$2,909,622.50** | **$2,909,622.50** |

## EXHIBIT 4 –CHAPTER 7 ADMINISTRATIVE FEES and CHARGES

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| Trustee Compensation - Brian Shapiro | 2100-000 | N/A | 136,723.33 | 136,723.33 | 136,723.33 |
| Trustee Expenses - Brian Shapiro | 2200-000 | N/A | 482.27 | 482.27 | 482.27 |
| Other - PAUL HEALEY | 3410-000 | N/A | 740.00 | 740.00 | 740.00 |
| U.S. Trustee Quarterly Fees - Office of the United States Trustee (ADMINISTRATIVE) | 2950-000 | N/A | 650.00 | 650.00 | 650.00 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 291.06 | 291.06 | 291.06 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 285.75 | 285.75 | 285.75 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 1,672.47 | 1,672.47 | 1,672.47 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 948.08 | 948.08 | 948.08 |
| Other - ATKINSON LAW ASSOCIATES, LTD. | 3210-000 | N/A | 71,306.00 | 71,306.00 | 71,306.00 |
| Other - ATKINSON LAW ASSOCIATES, LTD. | 3220-000 | N/A | 5,411.63 | 5,411.63 | 5,411.63 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 945.96 | 945.96 | 945.96 |
| Other - Rabobank, N.A. | 2600-000 | N/A | 781.76 | 781.76 | 781.76 |
| **TOTAL CHAPTER 7 ADMIN. FEES AND CHARGES** | | N/A | **$220,238.31** | **$220,238.31** | **$220,238.31** |

## EXHIBIT 5 –PRIOR CHAPTER ADMINISTRATIVE FEES and CHARGES

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| None | | | | | |
| **TOTAL PRIOR CHAPTER ADMIN. FEES AND CHARGES** | | N/A | **$0.00** | **$0.00** | **$0.00** |

**UST Form 101-7-TDR (10/1/2010)**

## EXHIBIT 6 —PRIORITY UNSECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6E) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 1P-2 | Internal Revenue Service | 5800-000 | N/A | 1,459.72 | 0.00 | 0.00 |
| ADMIN | NV Casa Domain, LLC | 5200-000 | N/A | 209,622.50 | 209,622.50 | 209,622.50 |
| **TOTAL PRIORITY UNSECURED CLAIMS** | | | $0.00 | $211,082.22 | $209,622.50 | $209,622.50 |

## EXHIBIT 7 —GENERAL UNSECURED CLAIMS

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6F) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 1U-2 | Internal Revenue Service | 7100-000 | N/A | 85.02 | 0.00 | 0.00 |
| 2 | AMERICAN EXPRESS CENTURION BANK | 7100-000 | N/A | 14,313.60 | 0.00 | 0.00 |
| 3 | AMERICAN EXPRESS CENTURION BANK | 7100-000 | N/A | 47,673.40 | 0.00 | 0.00 |
| 5U | IndyMac Venture, LLC | 7400-000 | 1,800,000.00 | 1,467,974.60 | 1,467,974.60 | 441,268.06 |
| 7 | Discover Bank | 7100-000 | 20,735.00 | 20,735.90 | 0.00 | 0.00 |
| 8 -2 | MIDLAND FUNDING LLC | 7100-000 | 1,693.00 | 1,692.84 | 1,692.84 | 1,692.84 |
| NOTFILED | The Bureaus Inc | 7100-000 | 45,176.00 | N/A | N/A | 0.00 |
| NOTFILED | Escallate Lie | 7100-000 | 459.00 | N/A | N/A | 0.00 |
| NOTFILED | Steve Trettin | 7100-000 | 0.00 | N/A | N/A | 0.00 |
| NOTFILED | Mca Inc | 7100-000 | 53.00 | N/A | N/A | 0.00 |
| NOTFILED | Fnb Omaha | 7100-000 | 26,893.00 | N/A | N/A | 0.00 |
| NOTFILED | Bk Of Amer | 7100-000 | 149,070.00 | N/A | N/A | 0.00 |
| NOTFILED | Armada Cor | 7100-000 | 1,241.00 | N/A | N/A | 0.00 |
| **TOTAL GENERAL UNSECURED CLAIMS** | | | $2,045,320.00 | $1,552,475.36 | $1,469,667.44 | $442,960.90 |

UST Form 101-7-TDR (10/1/2010)

Exhibit 8

Page:  1

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Case Number:  16-11907-BTB
Case Name:  KOSOVA, ALLA V

Period Ending: 10/26/17

Trustee:  (007422)  Brian Shapiro
Filed (f) or Converted (c):  08/16/16 (c)
§341(a) Meeting Date:  09/16/16
Claims Bar Date:  12/15/16

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 11 Anthem Pointe Ct, Henderson, NV 89052-0000, C Short sale to NV Casa Domain, LLC per order entered 11-10-16. Dkt. 273 | 0.00 | 0.00 | | 1,700,000.00 | FA |
| 2 | Cash<br>  value changed per amendment filed 8/30/16. Dkt. 96 See asset #18. | 190,000.00 | 46,050.00 | | 0.00 | FA |
| 3 | Wells Fargo PMA Account #6500<br>  value changed per amendment filed 8/30/16. Dkt. 96 | 6,000.00 | 2,689.64 | | 37,816.38 | FA |
| 4 | Wells Fargo Way2Save Checking ending #2406<br>  value changed per amendment filed 8/30/16. Dkt. 96 | 1,720.00 | 1,720.00 | | 0.00 | FA |
| 5 | Wells Fargo Teen Checking ending #8400 | 45.00 | 45.00 | | 40.00 | FA |
| 6 | Wells Fargo Teen Checking ending #8418 | 23.00 | 23.00 | | 11.03 | FA |
| 7 | Wells Fargo Teen Checking ending #8426 | 56.00 | 56.00 | | 42.52 | FA |
| 8 | Wells Fargo Teen Checking Ending #4272 | 303.00 | 303.00 | | 0.00 | FA |
| 9 | Wells Fargo High Yield Savings Ending #2526 | 0.00 | 0.00 | | 0.00 | FA |
| 10 | Household Goods | 30,000.00 | 13,139.00 | | 0.00 | FA |
| 11 | 4 Televisions and cell phone, computer, printer, | 3,000.00 | 3,000.00 | | 0.00 | FA |
| 12 | Clothes | 500.00 | 500.00 | | 0.00 | FA |
| 13 | hunting rifle | 250.00 | 250.00 | | 0.00 | FA |
| 14 | Nonpublic stock and businesses: Rare Finds, LLC | 0.00 | 0.00 | | 0.00 | FA |
| 15 | Child Support Payments. Debtor is entitled to $3  (u) | 300.00 | 0.00 | | 0.00 | FA |
| 16 | Tax Refund: Federal | 0.00 | 0.00 | | 0.00 | FA |
| 17 | 2014 Lexus RX 350, 35000 miles. Entire property | 33,350.00 | 0.00 | | 0.00 | FA |
| 18 | Wells Fargo checking ending #7265  (u)<br>  acct was DIP acct in Ch 11, when converted BS requested funds from Wells Fargo. | 11,904.76 | 2,976.19 | | 165,099.86 | FA |
| 19 | Wells Fargo Savings ending #4339  (u) | 2,690.19 | 672.55 | | 2,590.26 | FA |
| 20 | Alla Wartenberg vs. Westpoint Development Group (u)<br>  A-15-72388-D Construction Defect Lawsuit. | 0.00 | 1,000,000.00 | | 1,000,000.00 | FA |

Printed: 10/26/2017 03:51 PM    V.13.30

Exhibit 8

Page: 2

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

| | |
|---|---|
| Case Number: 16-11907-BTB | Trustee:        (007422)    Brian Shapiro |
| Case Name:    KOSOVA, ALLA V | Filed (f) or Converted to (c):  08/16/16 (c) |
| | §341(a) Meeting Date:    09/16/16 |
| Period Ending: 10/26/17 | Claims Bar Date:    12/15/16 |

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| | Atkinson to be employed as General Counsl, Bourassa Law Group to be employed as Special Counsel.  Case has settled. Order entered 11-10-16. Dkt. 273 | | | | | |
| 21 | Insurance Claim with State Farm  (u)<br>  Proceeds held by debtor that were undisclosed. Order entered 10/31/16. Dkt. 240 | 0.00 | 465,827.77 | | 465,827.77 | FA |
| 22 | Retainer Fee from Former Attorney  (u) | 0.00 | 11,000.00 | | 11,000.00 | FA |
| 23 | Global Settlement of Non-Exempt Assets  (u)<br>  Settlement of non-exempt assets.  Order entered 11-10-16. Dkt. 273 | 0.00 | 2,100,000.00 | | 400,000.00 | FA |
| 23 | **Assets**  **Totals** (Excluding unknown values) | **$280,141.95** | **$3,648,252.15** | | **$3,782,427.82** | **$0.00** |

#### Major Activities Affecting Case Closing:

11-15-17 Review for TDR  (ESTIMATE)

7/27/17 (cb) rec'd email from Hilary at Bourassa requesting a reissue of the Declaration of Value and a new quitclaim deed as the County Recorder will not accept Declaration and will charge $25 for quitclaim as receptionist stamped "received" on the back of the original.  I forwarded this to RA and he said we never did Declaration and don't need to, and no to the new quitclaim as their client can afford the extra charge. Discussed with BS and he needs to discuss with RA before I respond to Hilary

7/21/17 (cb) rec'd email from Chris Carson at Bourassa asking about quitclaim deed.  I replied that I mailed it out yesterday (7-20)

7/17/17 (cb) rec'd email from Robert re sending original quitclaim deed from Alla Wartenberg to NV Casa Domain to Bourassa Law Group. RA informed them that we had heavy 341 load.

6/27/17 NFR FILED - HRG SET 8-3-17

6/16/17 TFR FILED

6/12/17 TFR SUBMITTED

5/19/17 NFR FILED - HRG SET 6-22-17

5/12/17 TFR FILED

5/10/17 TFR SUBMITTED

4/18/17 (cb) TFR filed, but rec'd email from Robert that the attorney's want to know why Discover card is getting paid when they withdrew their claim.  I didn't notice that so it was included in distribution.  drafted amended TFR

3/31/17 TFR SUMBITTED

3-28-17 (BS) reviewed TFR - NO PII - signed and gave back to CB

3/23/17 (cb) order entered approving comp for Healey

3/22/17 (cb) filed ex parte app and order for compensation for Healey

3-13-17 (cd)  Received signed Certified Mail Receipts and scanned them into QDs.

Exhibit 8

Page: 3

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

| Case Number: | 16-11907-BTB | | Trustee: | (007422) | Brian Shapiro |
| Case Name: | KOSOVA, ALLA V | | Filed (f) or Converted (c): | 08/16/16 (c) | |
| | | | §341(a) Meeting Date: | 09/16/16 | |
| Period Ending: | 10/26/17 | | Claims Bar Date: | 12/15/16 | |

| 1<br><br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br><br>Ref. # | 2<br><br>Petition/<br>Unscheduled<br>Values | 3<br><br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br><br>Property<br>Abandoned<br>OA=§554(a) | 5<br><br>Sale/Funds<br>Received by<br>the Estate | 6<br><br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
| --- | --- | --- | --- | --- | --- |

3-9-17 (BS) t/c messgage left from Mrs. Attenberg of IRS 909-388-8278 - she will file an amended poc tomorrow.

3-9-17 (BS) email from RA to BS RE indymac claim (Qd)

3-9-17 (BS) email to RA reqeusting that he contact counsel to formally withdraw the poc - Can you please request the attorney for Indymac - to formally withdraw their proof of claim?(qd)

3-9-17 (BS) t.c to L. Altenburger - 909-388-8278 she filed poc on behalf of service - requesting information if debt has been paid - message left

3-9-17 (BS) email from BS to Kelly Schellig - Kelly:  Thank you!  I believe I may have advised you that the Debtor, after receiving your first response, advised me that she does in fact recognize the debt so I do not intend on filing any objection.  On a side note, I am awaiting the resolution of the tax returns so I am hopeful that the Trustee's final report will be approved within the next 90 -120 days (approximately).  Thank you for your help! (qd)

3-9-17 (BS) email from Kelly Schellig of Encore - As of now, we have amended our claim with the bill of sale, chain of title, charge off statement, and last payment statement.  Hopefully this will help in the interim, as we still have the 3 years of statements that you requested on order from Citibank.  Thank you!  (qd)

2-23-17 (cd)  Mailed estate tax returns and billed for postage

1-25-17 (BS) email to Carey -

Please note that I have contacted the creditor and they have now amended the proof of claim.  They are also getting additional records.  However, if you can forward the amended claim to Ms. Kosova, it would be appreciated.  I note that there is an indicated of a payment to the creditor. (qd)

1-25-17 email from BS to Kelly - Thank you for your assistance!! (qd)

1-25-17 email from Kelly to BS re claim of Midland -     Thank you for reaching out to us regarding the proof of claim we filed in case #16-11907.  We have requested the media you inquired about in your below message.  The media can take up to 30 day to receive from the creditor.  Meanwhile, we will amend the claim with the documentation that we have available to us as of today for you.  Thank you! (qd)

1-23-17 email to Midland - Dear Sir or Madam:

I am the Court appointed Trustee in the above matter.  The Debtor has advised that she does not believe that this is her debt.  As such, please forward to my attention, the statements from 2011 to 2014 and any credit application.

Please confirm receipt and I await your prompt reply.

` Brian

(qd)

1-23-17 email form Carey Shurtliff - This email is to advise you that the Debtor does not believe the attached Proof of Claim for Midland Funding LLC formerly Citibank, N.A., is an actual account of hers and may have been fraudulently opened up in her name.  Although, this creditor is listed on her schedules she believes that her original attorney received this information from her credit report; however, she does not recall having this account and would not be able to certify if this is an truthful account without viewing the last statement to see what was purchased.

The Debtor asked our office to forward this information to you.

(qd)

12-1-16 (BS) email from RA to BS with fee app - I signed dec and forarded to RA (Qd)

11-17-16 (BS) noticed that proof of claim by Discover Card was filed, I reviewed and it is out of the sol, I sent email to Discover Card requesting that they withraw, with

Exhibit 8

Page: 4

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

| | | |
|---|---|---|
| **Case Number:** | 16-11907-BTB | |
| **Case Name:** | KOSOVA, ALLA V | |
| | | |
| **Period Ending:** 10/26/17 | | |

| | |
|---|---|
| **Trustee:** | (007422)    Brian Shapiro |
| **Filed (f) or Converted (c):** | 08/16/16 (c) |
| **§341(a) Meeting Date:** | 09/16/16 |
| **Claims Bar Date:** | 12/15/16 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled And Unscheduled (u) Property) <br><br> **Ref. #** | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned OA=§554(a)** | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

copy to RA email follows  - (qd) = Please note that I am the bankruptcy trustee in the above referenced matter.  Your office filed a proof of claim in the above referenced matter.  The claim is stale and is in violation of the statute of limitations.  In lieu of filing an objection to such claim and requesting attorney fees and costs (based upon the underlying terms), I am making demand that you withdraw with prejudice the proof of claim.  If the claim is not withdrawn by December 1, 2016, then I will have no choice but to instruct my counsel, who is copied on this email, to file the appropriate objection and request for fees and costs.

Thank you for attention to this matter and I await notification that the claim has been withdrawn by December 1, 2016.

11-16-16 (BS) emailt to Paul Healey with claim 5 docs (bank (qd)

11-15-16 (BS) email from RA re Bank receipt of funds and reconveancye - More good news (Kosova): the Bank received the 2.7 million, and has signed the Full Reconveyance.  Brandy to record it.

11-14-16 (BS) email from RA to Chris re construction defect claim - The Bankruptcy Court approved the sale agreement, and the assignment of the CD lawsuit claims has been completed.

11-14-16 (BS) email from RA re revised agreement - Brian,

11-14-16 B(S) email from RA to Paul - "    The portion of the sale price allocated for the house is $2.6 million.

"    The cost basis for the house was in excess of $4 million, so that sale was at a loss

"    See table and footnote 2 of the settlement agreement attached to ECF 273 (pdf page 10 of 34 of that document)

(qd)

11-14-16 (BS) email from RA to CB re wire transfer to Scott and Bank -

Because it's been more than 10 calendar days since the SF checks cleared, you are now approved to wire the following:

"    $209,622.50 to the Bank (same wire transfer info - Dykema)

"    $209,622.50 to Scott (I will get wire transfer info for you)

See attached order, page 3 (qd)

11-14-16 (BS) email to RA from BS - The wire has been initiated for the 2.7 million to the Bank.  I believe I can also wire funds to Scott.  If that is correct, then please let us know the actual amount and the wire info.  We await your reply.(qd)

11-14-16 (BS) email to Paul Healey re taxes  - I need a final tax return filed in this case.  Attached please find the 2013, 2014 and 2015 tax returns and Divorce Decree.  I have also attached the Court order which reflects a sale/settlement.  Of particular importance, the Estate received non exempt funds of $216,325.35; insurance checks for a construction defect in the following amounts $64,935.84; $98,486.78 and $302,405.15.  The sale/settlement brought in $3,100,000.00.  I do have fees/costs for Robert Atkinson which have not been finalized and/or approved.  I would appreciate it if we can finalize the return this year so I can conclude the case in the 1st Q of 2017.  If you need anything else, then please let Cathy or I know.  We await your reply.

(11-14-16 (BS) signed off on wire transfer. email from CB to BMS with wire info (qd)

11-9-16 (BS) email from BS to all parties re 341 - Just another follow up.  Assuming the motion is denied, I will end up continuing the 341 at 1:00 p.m. because Ms. Kosova will not be appearing.  If needed, then the continued date and time will be towards the end of the month.  Hopefully, that will not occur and I will just conclude the meeting during the afternoon.  Thank you. (qd)

11-9-16 (BS) email from RA to B Goldberg - Confirmed, there is a stand-alone waiver.  I have the original in my possession, holding it until court approval of the settlement, at which time I will file the waiver.  Upon the filing of the waiver, the Trustee will then file an ex parte motion to approve it. (qd)

Exhibit 8

# Form 1

Page: 5

## Individual Estate Property Record and Report
## Asset Cases

| Case Number: | 16-11907-BTB | Trustee: | (007422) | Brian Shapiro |
| Case Name: | KOSOVA, ALLA V | Filed (f) or Converted (c): | 08/16/16 (c) | |
| | | §341(a) Meeting Date: | 09/16/16 | |
| Period Ending: | 10/26/17 | Claims Bar Date: | 12/15/16 | |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

11-9-16 (BS) email from B Goldberg -UST -

Thank you. In the original settlement papers, there was a buried reference to waiver of the discharge as one of the terms of the agreement. Your email suggests this, but please confirm that there is actually a stand-alone a10 waiver that is going to be filed. (qd)

11-9-16 (BS) email from RA re continuing 341 to 1:00 p.m. tomorrow (qd)

11-9-16 (BS) email from BS to UST - The hearing on the motion to approve the settlement in Kosova is tomorrow and just want to make sure your office does not have any issues on the motion. As previously advised, I am in receipt of all of the funds (approx. 3.7 million) and Robert has the original waiver of discharge. Just let me know if you have any comments (qd)

11-9-16 (BS) t/c RA discussed proceeds, apparently received over a few years, so nothing current but interesting. He also got approval as to the form of order from Z Larson.

11-9-16 (BS) email from RA re insurance proceeds received by Debtor... over 2.2 million...(qd)

11-8-16 (BS) email from RA proposed order to all parties (qd)

11-4-16 (BS) - email from RA re - Woohoo! Great news. -Robert (qd)

11-4-16 (BS) email from BS to RA re status on funds - FYI, the $3.1 mil hit my account this morning and so far no concern on the State Farm checks. Lets hope things go smoothly next week! (qd)

11-4-16 (BS) email from BS to CB and J Palmer - I briefly spoke with Jim yesterday regarding Kosova. Next week please give him a call to go over how to code the assets in light of the sale/settlement motion. Thanks, ` B cc: JP (qd)

11-3-16 (cd) Recv'd Ck #472027993 for $11K in the mail from Chase. Gave to CB.

11-3-16 (BS) email from RA to cancel trip to Austin (qd)

11-3-16 (BS) email to UST re wire info - Pursuant to my obligations to advise the UST of large deposits. Please note that I just received confirmation of a wife transfer for 3.1 million dollars for the above referenced case. The confirmation is attached.(qd)

11-3-16 (BS) email from BMS banking re 3.1 mil wire transfer (qd)

11-3-16 (BS) email from RA to BS - Cathy/Brian, Wire should be showing up on your end soon. (qd)

11-3-16 (BS) email from RA to BS - Wire initiated. See below (qd)

11-2-16 (BS) email from RA to BS with copy of Joyce's response (qd)

11-2-16 (BS) emaill from RA to BS - re status of wire - Yes, I did. I emailed the wire instructions to her on Monday, with instructions to wire it yesterday after signing.

In today's update email (sent to everyone a couple of hours ago), I told her to wire it today. She emailed me back: "Got it - we will work on"

Flaky. But I think she'll do it, for arrival tomorrow, no problem.

(qd)

11-2-16 (BS) email to RA from BS - Sounds good. Please note that I have not been advised of receipt of the wire transfer. Did Joyce advise you that it was sent? (qd)

11-2-16 (BS) email from RA to all parties - All:

Updates:

"    The OST hearing has been set for next Thursday, Nov 10, at 9:30 a.m. See attached.

"    The trustee has signed the Quitclaim and the Assignment, and I have those in my possession (holding in trust until the hearing)

Exhibit 8

# Form 1

Page: 6

## Individual Estate Property Record and Report
## Asset Cases

| Case Number: | 16-11907-BTB | Trustee: | (007422) | Brian Shapiro |
| Case Name: | KOSOVA, ALLA V | Filed (f) or Converted (c): | 08/16/16 (c) | |
| | | §341(a) Meeting Date: | 09/16/16 | |
| Period Ending: 10/26/17 | | Claims Bar Date: | 12/15/16 | |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

"    Alla has signed the Waiver, and I have that in my possession (holding in trust until the hearing).  She sent it via Fedex.

Joyce:
"    Please confirm that the Purchase Price is being wired today to the Trustee's trust account for this case

Greg:
"    Please confirm that the Reconveyance is being signed by the DOT trustee.

-Robert
(qd)

11-2-16 (BS) email from rA - Should be good.  Bank's counsel from California will be there in person, all smiles. (qd)

11-2-16 (BS) email from RA - thanks (qd)

11-2-16 (BS) email from Lori drafter that $11000 check was mailed 10-31-16 (qd)

10-31-16 (BS) - email from RA to BS - receipt of signed agreement - thanks (qd)

10-31-16 (BS) email from BS to RA - Attached please find the executed 10-31-16 signed settlement agreement with the applicable exhibits. (qd)

10-31-16 (BS) email fro RA to Joyce with wire instructions - Please see attached wire instructions for the Bankruptcy Estate account.  It is a segregated account, opened to hold the Purchase Price in trust pending the Court approval.

Tomorrow morning (assuming all signature pages have been received), please initiate the wire transfer of the $3.1 million Purchase Price to this Trustee account.  I will first inform you when all signature pages have been received, though.

(qd)

10-31-16 (BS) email from O. Brown - received (qd)

10-31-16 (BS) email from RA with version rev 2a - ok to execute -

I received a few redlines from Joyce today (Scott's counsel).  The Trustee is fine with them.  No other parties had any redlines. Also attached is the redline from Rev 1. No changes were made to the Exhibits.  Sending me the signature pages will confirm to me that this Rev 2a is the version being signed and agreed to by your respective clients.

(qd)

10-31-16 (BS) t/c RA - gave him authority on redlines

10-31-16 (BS) email from RA re redline from joyce (qd)

10-31-16 (BS) email to UST re excess deposit - Please note that pursuant to a filed stipulation with the Court which was entered into between the Estate and the 1st Lien Holder ("Bank"), I have deposited 3 checks which were made payable to the Debtor and the Bank in the following amounts:  $98,486.78, $64,935.84, and $302,405.15 Such funds are property of the Bankruptcy Estate. (qD)

10-31-16 (BS) email from BS to RA - Attached please find the signed declaration in support of the motion to approve settlement. (qd)

10-31-16 (cd)  Recv'd 3 cks from State Farm Fire and Casualty Company via FedEx for $98,486.78, $64,935.84, and $302,405.15.  Gave to CB.

10-31-16 (BS) t.c RA - advised me that Joyce has changes, he sent me follow up email - Joyce has "a few changes"...(qd)

10-31-16 (BS) email from RA to bS -  Please see attached your Declaration, which ties to the Motion.  Please read, sign, and return a scan to me. (qd)

Exhibit 8

Page: 7

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

| | |
|---|---|
| Case Number: 16-11907-BTB | Trustee:        (007422)    Brian Shapiro |
| Case Name:    KOSOVA, ALLA V | Filed (f) or Converted (c):  08/16/16 (c) |
| | §341(a) Meeting Date:  09/16/16 |
| Period Ending: 10/26/17 | Claims Bar Date:  12/15/16 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

10-31-16 (BS) email from RA to BS - Ok to endorse checks (Qd)

10-31-16 (BS) email from BS to RA - In light of the stip on the checks, can I now endorse for the Bank and try to deposit them? (qd)

10-30-16 (BS) email from RA to BS - Excellent!  I'll whip up your declaration first thing in the a.m. (qd)

10-30-16 (BS) email from BS to RA - I do not have any issues with your draft of the motion to approve. (qd)

10-30-16 (bS) email from bS to RA - Attached please find the signed "Final" signed agreement.   (Qd)

10-30-16 (BS) - email from RA to BS - ok thanks (qd)

10-30-16 (BS) email to RA -Ignore the prior executed email…I just noticed you had some revisions.  I am going to resign and resend (except the exhibits). (qd)

10-30-16 (BS) email from BS to RA with docs - Attached please find the signed settlement agreement.  Cathy will have the originals.  I will execute the other two documents and bring them at the time of the hearing (as I expect I will attend).(qd)

10-29-16 (BS)} email from RA to BS with draft of motion to approve (qd) - Here it is, for your review and input.

10-29-16 - (BS) email form Ogonna - received (qd)

10-29-16 (BS) email from RA with excuted versions of agreement  -

A couple of requests for very minor tweaks came in overnight.  The Trustee has no issue with either.


Please see attached Rev 1 of the execution version.  I have not received any signature pages from anyone, so sending me the signature pages will confirm to me that this Rev 1 is the version being signed and agreed to.


Also attached is the redline.  The minor changes are:


"    Section 8(a) and (c):

o    Added Ron Klug and Attorney Realty Alliance to the stay discovery list (I had already spoken with him yesterday and told him to hold off on production)

o    Added Ron Klug to the 2004 exams being withdrawn

o    Deleted two empty spaces to maintain the pagination (i.e., the page breaks in "all changes accepted" Rev 1 is the same as the original execution version)

"    Section 11:

o    Added "and the Bank" to the release of the Laroque Releasees

o    Changed the word "similarly" to "also" in order to maintain the pagination

(qd)

10-27-16 (BS) email from Ogonna - thanks (Qd)

10-27-16 (BS) email from RA re revisions = All,


Good news: agreement has been reached re: the State Farm checks.  Terms:

"    Checks to be given to Trustee.

o    Bank agrees that Trustee can endorse for Bank, and agrees to sign stipulation on that subject.

o    If checks have timed out or otherwise need to be reissued, then all parties agree to cooperate to get State Farm to reissue them.

"    The proceeds (whatever they end up being, expected to be $465,827.77) from the SF checks are to be split as follows:

o    45% to Scott, via a 503(b) admin claim

o    45% to Bank, as secured

Exhibit 8

Page: 8

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

| Case Number: | 16-11907-BTB | Trustee: | (007422) | Brian Shapiro |
| --- | --- | --- | --- | --- |
| Case Name: | KOSOVA, ALLA V | Filed (f) or Converted (c): | 08/16/16 (c) | |
| | | §341(a) Meeting Date: | 09/16/16 | |
| Period Ending: | 10/26/17 | Claims Bar Date: | 12/15/16 | |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

o   10% to general unsecured funds of the bankruptcy estate

"    Scott's admin claim and Bank's secured claim as to the SF check proceeds are to be paid 10 days after checks clear the estate trust account (or the Effective Date, whichever is later)

"    Bank's main secured claim increased from $2.6 to $2.7 million

In addition, no one had any redlines to the Oct 25 version, so I will make the above changes today to the Oct 25 version and send it out to everyone shortly as Redline Round 3.

Only a few minor redlines were received on the Exhibits.  Will include those in Round 3 today.

Because time is running short, I am asking everyone to review Round 3 today and get commitment to signature by tomorrow 10 a.m.  The goal is to have all signatures no later than Monday noon, and file the Motion on OST on Monday around 1 p.m.  If we can get signatures earlier than that (on Friday afternoon or Saturday), that would be even better.

Thanks everyone!

(qd)

10-27-16 (BS) email from RA re STate Farm response - failed to disclose jewelry - The State Farm subpoena response arrived, which requested any "personal articles policy" in existence from 2013 onward.  She had one, from Dec 2013-Dec 2015.  First two have inventory sheets (qd)

10-27-16 (B) - t./c R .Atkinson - she spoke to Joyce - 45/45/10 - has to close - asap, agreed to increase secured claim, RA has instructinos to get the deal done

10-26-16 (BS) email from Brian Goldberg - UST - Brian:  Thank you for update. Regards, Brian (qd)

10-26-16 (BS) email form BS to Brian Goldberg - UST - This email is to confirm our telephone conversation earlier today.  As we discussed, the Estate is negotiating a multi-party settlement agreement between the Estate, the Debtor, her fiancée, and the Bank which is secured in the Debtor's real property.  The settlement will result in (1) a waiver of the discharge of the Debtor; (2) payment of 3.2 million from the fiancée to the Estate to purchase the majority of the Estate's assets and (3) the Estate will be disbursing approximately 3.6 million dollars from which all allowed unsecured creditors will be paid (the Bank has agreed to reduce it secured claim and receive approximately 2.8 million and the remainder will be a subordinated unsecured claim).

Please note that there are a lot of moving parts to this settlement, but I am hopeful that it will be finalized next week.  As all parties will be paid in full, except the Bank, we will be requesting the Court approve the settlement on shorten time because of a variety of tax implications indicate by the fiancée.

If you have any further questions, then please feel free to contact Robert or I. (qd)

10-26-16 (BS) Email from RA re WF bank statements - In an earlier subpoena, Wells Fargo inadvertently did not send the June - August 2014 bank statements for Alla's main account.  The TKSC account showed large transactions, so I subpoenaed the missing statements from WF a few weeks ago.  They showed up a few minutes ago in my email from WF.

See attached, pages 65 and 68.  On 8/19/14, she withdrew (via cashier's checks) $360,000 and also $207,752.18.

Permission to surreptitiously get copies of those check images?  We won't get them in time before the hearing on the Agreement, but at least it will satisfy our curiosity.

Exhibit 8

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page: 9

| Case Number: | 16-11907-BTB | | Trustee: | (007422) | Brian Shapiro |
| Case Name: | KOSOVA, ALLA V | | Filed (f) or Converted (c): | 08/16/16 (c) | |
| | | | §341(a) Meeting Date: | 09/16/16 | |
| Period Ending: 10/26/17 | | | Claims Bar Date: | 12/15/16 | |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

The money could have gone anywhere. Parents, who knows. But, interestingly, Emperial Domain Investments, LLC was formed about a month before. See attached. (qd)

10-26-16 (BS) email from RA - re Goldberg concern (qd)

10-26-16 (BS) t/c RA re issues on checks, requested that he get original checks as they do not appear to have expired...typically 1 year until expiratino unless shorten . Also, give them a partial secured claim and keep 10% for unsecured. Discussed contacting UST on status based upon email from B. Goldberg

10-25-16 (BS) email from OGonna to RA - thanks (qd)

10-25-16 (BS) email frmo RA to All parties on rdline - Today I received a handful of redline comments from both Ogonna (Volostnykh's counsel) and Greg (Bank's counsel). Please see attached "Oct 25" version, incorporating both of their comments, as well as some Trustee-side tweaks.

Notes:
" Same as before, I modified some of the redlines for readability. Accordingly, Greg and Ogonna should read them closely.
" Ogonna:
o I deleted the part about reserving rights to objecting to the 2004 exam subpoenas of Nellya/Valery/Jehna, as they are withdrawn as soon as all parties sign the agreement.
o Ogonna, Joyce (Scott's counsel) had no objection to your added #14 release (release of any claims that may be retained by the Trustee as a matter of law after the sale of claims to Scott).
" The redline is the differential from my "Oct 24 clean" version from last night. As before, the redline is attached hereto in both Word and pdf, and the "Oct 25 clean" is in Word.
" Bank is awaiting check images to make a decision re: State Farm. I just received them from Zach a few minutes ago, and have forwarded them to the bank.
" Any comments from anyone on the four exhibits sent out last Friday? I've received no redlines from anyone.

Same ground rules as yesterday - for version control purposes, please make any future redlines to the attached Oct 25 (clean) version. (qd)

10-25-16 (bs) email from B Goldberg - We understand that there may be settlement in process. Please coordinate with our office, to ensure the process is efficient, etc., and to the extent applicable, that the UST's rights are protected (or there is an a10 waiver that acknowledges trustee and UST, etc.)

10-25-16 (BS) eaml from RA to BS - Please attached see the State Farm check images that I just received from Zach's office a few minutes ago. Three checks, totaling $465,827.77. (qd)

10-25-16 (BS) email from RA to Ogonna re changes - Ogonna,

Your comments are generally fine, except the proposed limited release (your new #14) is something only Joyce can agree to. The bankruptcy estate has several such claims against Nellya and/or Valery, and to release them would diminish the value of the claims bought. The reason that the Group structure in #21 (your #22) is set up that way is to permit Alla, Scott, and Alla's parents to collectively work it out amongst themselves, which is the structure that was proposed in the bullet-point term sheet. That said, if Joyce is fine with your new #14 (limited release of parents) then the Trustee is as well. -Robert (Qd)

10-24-16 (BS) email form Ogonna re comments to draft - Attached are my comments for your consideration. I am available on my cell tonight (702) 460-3997, and am out of the office tomorrow but should be available between 9:30 a.m. and 4:00 p.m. Thank you. Ogonna (qd)

Exhibit 8

Page: 10

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

| | | |
|---|---|---|
| Case Number: | 16-11907-BTB | |
| Case Name: | KOSOVA, ALLA V | |
| | | |
| Period Ending: 10/26/17 | | |

| | |
|---|---|
| Trustee: | (007422)  Brian Shapiro |
| Filed (f) or Converted (c): | 08/16/16 (c) |
| §341(a) Meeting Date: | 09/16/16 |
| Claims Bar Date: | 12/15/16 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled And Unscheduled (u) Property)<br><br>Ref. # | Petition/<br>Unscheduled<br>Values | Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | Property<br>Abandoned<br>OA=§554(a) | Sale/Funds<br>Received by<br>the Estate | Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |

10-24-16 (BS) email from RA to all redline on agreement  Good evening all,

I've obtained comments from everyone except Ogonna, who hopefully has few comments.  Please see attached the first redline round, incorporating all redlines.  The attached redline differential is from my original Oct 20 version.  The redline is in both Word and pdf, and the clean Oct 24 version is in Word.

Notes:
"    Great news: most of the redlines were mild, and fine with the Trustee, and hopefully you all agree.
"    Some redlines that I received were tweaked or modified, based on review and feedback.  The spirit of those redlines was retained.
"    Please feel free to call me if you have questions as to how your redlines got mapped into this version, or if any got left out, and I'll explain why.
"    The State Farm issue has been left out, pending feedback from Bank.  Anticipate hearing back from Greg tomorrow and working that into next round.  [Zach: accordingly, your Insurance paragraph is on hold for a moment & not in this version, and I'll probably use that as a starting place.]
"    The Bank deleted the "no sale of Note" clause, but instead agreed to "binding on all successors" in the Successors and Assigns clause (Section 25).  However, the Bank's counsel indicated that there are no plans to sell the Note.
"    Because three limited release sections now exist, the last sentence of the limited mutual releases section ("does not limited any party's ability to enforce this agreement") was mapped into its own section.

As usual, please read through first, before making comments or redlines.

For version control purposes, please make all your next-round redlines to the clean Oct 24 version attached.

Except for the open State Farm issue, it looks like we're just about there.  Hopefully we can get to a resolution on that topic that in the next day or so.

Thanks everyone, for reviewing it so quickly.

-Robert

10-12-16 (BS) email from RA re Louis Vuitton response to subpoena -

10-12-16 (BS) email to UST on 341 - Brian, AA and Melinda:

Please note that per the agreement with the parties, the continued 341 meeting will be continued to November 10, 2016 at 8:00 a.m.  (this is an off date for me).  If you may recall, the Debtor is pregnant, is high risk (age) and due in early January.  Accordingly, it was agreed that she would appear in Las Vegas, but if she has a Dr.'s note prohibiting her to travel to Las Vegas, then  she has agreed to attend at the UST office in Austin (which would be at 10:00 a.m. Austin time).

As such, I need to make arrangements to hold the 341 in Vegas at 8:00 a.m. and if she has a doctor's note then I would like to make arrangements to have her appear in Austin.  The concept for Austin would be that I would hold a telephonic hearing in Las Vegas and counsel would appear in Austin.  Can you let me know what you need to assist in making such arrangements? (qd)

10-12-16 (BS) reviewed filed stip doc 198

10-11-16 (BS) spoke with RA, discsused stip, will have him go to Austin if needed, will utilize telphonic in Vegas, ok';d stip for him to froward to ZL

Exhibit 8

Page: 11

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

| | |
|---|---|
| Case Number: 16-11907-BTB | Trustee: (007422) Brian Shapiro |
| Case Name: KOSOVA, ALLA V | Filed (f) or Converted (c): 08/16/16 (c) |
| | §341(a) Meeting Date: 09/16/16 |
| Period Ending: 10/26/17 | Claims Bar Date: 12/15/16 |

| 1<br><br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br><br>Ref. # | 2<br><br>Petition/<br>Unscheduled<br>Values | 3<br><br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br><br>Property<br>Abandoned<br>OA=§554(a) | 5<br><br>Sale/Funds<br>Received by<br>the Estate | 6<br><br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

10-11-16 (BS) email from RA with UST in Austin - (qd)

10-11-16 - (BS email from RA with revised stip: (qd)

Brian,

Revised stip attached.

The sole change is to paragraph 2, which was changed as follows:

Original:     2.     Debtor shall attend this hearing in person.

Modified:     2.     Debtor shall attend this hearing in person unless medically instructed to not travel, in which case, Debtor must provide evidence from a physician in writing and Debtor must attend by telephone at a designated court reporter's office where she may be placed under oath and give testimony

10-11-16 (BS) email from RA re revised stip on 341 meeting (qd)

10-11-16 (BS) reviewed order 194 - extending discharge date and response to subpoena

10-11-16 (BS) email from RA re conflicts on testimony with WF docs (Qd)

10-11-16 (BS) email from RA  to BS re new docs from WF (Qd)

10-11-16 (BS) ZL email  - ok(qd)

10-11-16 (BS) advised ZL - no mediation (Qd)

10-11-16 (BS) email from Zach: Brian / Robert:  What are the chances we can reschedule the 341 and conduct a mediation / settlement on Nov. 10?   Call me to discuss. . Z. (qd)

10-10-16 (BS) email from RA with timesheet (Qd)

10-10-16 (Bs) email from RA re email to ZL on fees (qd)

10-10-16 (BS) reviewed doc 1090 on stip to extend discharge date

10-10-16 (BS) email from BS to RA on side thought (qd) - Arguably we are selling that to Scott.  We can address that on the second go around.

Net net, the existing package is a sweet deal for them: get the house for $2.4 million, and settle all claims.


Overall structure:

"     Combination 363 sale / 9019 motion to approve a settlement agreement

"     Parties to settlement/sale:  Bankruptcy Estate, Alla, Buyer (= Scott or an entity of his), the Bank, and Insiders (=her parents, their companies, and her companies)

"     Settlement includes a signed purchase and sale agreement as an exhibit.

"     All contingent on Court approval


Related to Scott:

"     Buyer purchases the house (11 Anthem Pointe) and the associated construction defect suit

-     Purchase price for house = $2.4 million.

-     Purchase price for construction defect lawsuit = $800,000.  [We believe that this is a minimum fair value for the suit.]

Exhibit 8

Page: 12

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

| | | |
|---|---|---|
| Case Number: | 16-11907-BTB | |
| Case Name: | KOSOVA, ALLA V | |
| | | |
| Period Ending: 10/26/17 | | |

| | |
|---|---|
| Trustee: | (007422)   Brian Shapiro |
| Filed (f) or Converted (c): | 08/16/16 (c) |
| §341(a) Meeting Date: | 09/16/16 |
| Claims Bar Date: | 12/15/16 |

| 1<br><br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br><br>Ref. # | 2<br><br>Petition/<br>Unscheduled<br>Values | 3<br><br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br><br>Property<br>Abandoned<br>OA=§554(a) | 5<br><br>Sale/Funds<br>Received by<br>the Estate | 6<br><br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

"  Total house + claim = $3.2 million

"  Buyer also purchases the following assets of the estate for $600,000:

-  All scheduled assets of the Debtor, except for the WF bank accounts that generated ~$205k funds that ended up with the trustee

-  All unscheduled assets of the Debtor (including all jewelry, artwork, vehicles, etc.), except for the $11k check from Ballstaedt's office now in possession of the trustee

-  All personal property currently at the house (includes several boxes in the garage, etc.)

-  All 547 and state-law preference claims held by the estate against any entity, including her mother

-  All 548 and state-law fraudulent transfer claims held by the estate against any entity, including her parents, Kwiatkowski, etc.

"  Total paid by Buyer to estate for the three categories above = $3.8 million

"  Buyer provides proof of funds for the $3.8 million prior to bank approval

"  Buyer wires in the $3.8 million at the time the settlement agreement is signed


Related to Alla:

"  Alla waives all exemptions to all personal property, and agrees not to amend her Schedule C in the future

"  The bankruptcy estate retains the ~$216k currently held by the trustee (=$205k + $11k)

"  Alla waives her discharge

"  Alla represents in the settlement agreement that the total cost basis for the house (land + construction) is $4 million or more. [We need this for the bankruptcy estate tax return, so that no capital gains tax accrues on the sale of the house.]


Related to Bank:

"  Bank agrees to short sale of house to Buyer for $2.4 million

o  Goes through normal escrow.  All normal closing costs (taxes, etc.) paid out of escrow.

o  No broker commissions

"  Bank waives all claims to any security interest or assignment rights in the CD lawsuit and its proceeds

"  Bank agrees not to file a deficiency suit against Alla

"  Bank to amend its proof of claim (POC #5) with secured and unsecured split

o  Secured = $X = whatever they net from the short sale

o  Unsecured = $Y

o  $X + $Y = the full $4.377 million

o  All parties agree not to object to the amended POC


Related to Trustee:

"  Trustee to stay discovery upon signing of the settlement / sale agreement, until court approval of the settlement agreement

"  Mutual release between (i) Bankruptcy Estate/Trustee on the one hand, and (ii) Scott and his entities, on the other hand. [Note: Trustee can't release fraudulent transfer claims, because they're being sold.  Scott can release those on his own after the sale, if he wishes.]

Exhibit 8

# Form 1

Page: 13

## Individual Estate Property Record and Report
## Asset Cases

| | |
|---|---|
| **Case Number:** 16-11907-BTB | **Trustee:**    (007422)    Brian Shapiro |
| **Case Name:**    KOSOVA, ALLA V | **Filed (f) or Converted (c):** 08/16/16 (c) |
| | **§341(a) Meeting Date:** 09/16/16 |
| **Period Ending:** 10/26/17 | **Claims Bar Date:** 12/15/16 |

| 1<br><br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br><br>Ref. # | 2<br><br>Petition/<br>Unscheduled<br>Values | 3<br><br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br><br>Property<br>Abandoned<br>OA=§554(a) | 5<br><br>Sale/Funds<br>Received by<br>the Estate | 6<br><br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

Related to Insiders (her parents, their companies, and Alla's companies):

"    Insiders agree to waive all claims against the bankruptcy estate, including but not limited to:

o    The parents' potential claim of an assignment of the construction defect claim

o    The parents' potential claim that Debtor was given $170,000 to hold in trust

"    Insiders acknowledge and agree that:

o    Some assets being sold to Buyer are claims for fraudulent transfer against Insiders

o    Some assets being sold to Buyer are claims relating to vehicles (or equity in vehicles) for which they may have a claim.

o    The house being sold to Buyer is being sold free and clear of any claim that they may have in either the house or the CD lawsuit.

o    It is up to them to separately and subsequently work out, with Buyer, the ultimate resolution of these blended assets and claims


Please let me know if this proposal is satisfactory to your clients, or if you have any adjustments that you wish to make, before we sent it to the Bank's counsel.  We would appreciate a rapid turn-around on this, if possible.


Much appreciated,


10-10-16 (BS) t/c RA - authorized to forward revised email on settlement offer

10-10-16 (BS) email from RA with revised offer (qd)

10-10-16 (BS) email from RA to Zack and Shara re stip (Qd)

10-10-16 (BS) gave RA authority to enter into 60 day stip

10-10-16 (BS) email from RA with proposed resoution draft  (qd)

10-10-16 (BS) t/c RA re resolution, bank will not give us an amount but is willing to entertain offers, so we wil make the offer

10-10-16 (BS) email from RA with Zach's revisions (qd)

10-10-16 (BS) email from RA with Zack's reply (Qd)

10-10-16 (BS) email form Shara LArson to RA - If you are agreeable to a 60 day extension rather than the 90 days you are requesting, proposed revisions to the stipulation are attached.  Also, I have removed the language "all other parties in interest" regarding the discharge extension.  We will stipulate to the extension for the trustee and for the UST only.(qd)

10-10-16 (Bs) email from Z Larson re stipulation - Robert:

Did you not get my email dated October 6, 2016?  I have not seen a response.  I have attached below for your review.  I have no issue giving an extension, but not for the amount of time requested.  Simply put, and as we discussed, the evidence needed to bring an action against Ms. Kovova does not require an additional 90 day extension for non-dischargeability.  I agreed to give a 60 day extension in exchange for a mere 2 week extension of your subpoena(s) request(s).  If that is not acceptable, then file your motion.  It simply seems absurd given the amount of discovery which you already have and have previously questioned the debtor and other witnesses on especially given that new counsel has just recently subbed in.  As we discussed, proving the necessary elements of 523 / 727 simply does not require this level of discovery absent an adversary proceeding at this time.

At the end of the day, I don't want to object to your fees as being unreasonable when you didn't do this level of discovery in the Aspen Financial case wherein  there

Exhibit 8

# Form 1

Page: 14

## Individual Estate Property Record and Report
## Asset Cases

| | |
|---|---|
| Case Number: | 16-11907-BTB |
| Case Name: | KOSOVA, ALLA V |
| | |
| Period Ending: 10/26/17 | |

| | |
|---|---|
| Trustee: | (007422)  Brian Shapiro |
| Filed (f) or Converted (c): | 08/16/16 (c) |
| §341(a) Meeting Date: | 09/16/16 |
| Claims Bar Date: | 12/15/16 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property)<br><br>Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

was over $20 M owed and hundreds of potential unsecured creditors. Here, currently all unsecured creditors (which have previously filed claims in Ms. Kosova's chapter 11 / chapter 7) have enough money to pay them 100% on the dollar with what is currently held in the Trustee's account. The only exception is the secured creditor of the house who will eventually have an unsecured claim. As such, I think we should focus on resolving the matters at hand vs. continually filing motions to seek an unnecessary extension of what I have already offered.

As to your request for shortened time, I do not consent. Please feel free to contact me to discuss this matter. Z.

10-10-16 (cd)  Recv'd via hand delivery by runner, Check # 451800277 for $11K from Seth D Ballstaedt. Gave to CB.

10-10-16 (BS) UST receipt of referral (qd)

10-10-16 (BS) email from RA r=- check is in possession of Larson (Qd)

10-10-16 (BS) email from RA re staus of 11K check - You should be getting the $11k check (issued from Seth Ballstaedt's office) by runner this afternoon or tomorrow morning.(qd)

10-10-16 (BS) email from RA re Bank status - Yes, I think we could work with that deal. Zach called me on Friday to generally discuss matters, and I called him back this morning, but I had nothing to say, really. (Qd)

10-10-16 (BS) t.c R.A. - he and I agree that we need to get this resolved.

10-10-16 (BS) conference call with attorney for Scott, we seem to agree on how to handle, we just need to know what the bank needs.

10-10-16 - (BS) email to UST Referral letter -

9/16/16 Meeting Results:

Appearances: Debtor, Nedda Ghandi, Esq., Robert Atkinson, Esq on behalf of Trustee; Jeanette McPherson, Esq. on behalf of CIT Bank; Court Reporter JoAnn Melendez CCR#370

rec'd BKQ; just reviewed and signed today; info is true and correct

converted by court order; involuntarily

she doesn't know if she physically signed the petition; authorized Ballstaedt to sign on her behalf

she doesn't know what was filed with court when BK was filed; no docs rec'd from Ballstaedt's office; never met Ballstaedt in person as she was in Texas; Ballstaedt emailed docs to her and they went over everything

she signed some docs via docusign in lieu of wet signatures; no wet signatures

found Ballstaedt through internet search

started talking to office through DOF:  does not recall; she can look through cell phone bills

she had any and all email communications; does not recall the date

divorced, does not owe any DSO; spouse does not owe anything other than DSO

lived in LV for about 95-2014

never had safety deposit box; no vault service

tax returns are true and correct

McPherson: 190k cashiers check, came from bank account; source was from wages; MD Medical Diagnostic; withdrew cash as cashier's check; wages are 2 years worth 2014 & 2015 and some of 2016

withdrew based on advice from attorney

Nalla Volsinic: 22 Anthem Point Ct; lives with her husband; lived there for a long time, about 10 years

scheds: funds wired from mother to debtor $170k; mother and stepfather went through difficult times, split finances, funds wired just in case; we have the funds

Exhibit 8

# Form 1

Page: 15

## Individual Estate Property Record and Report
## Asset Cases

| Case Number: | 16-11907-BTB | Trustee: | (007422) | Brian Shapiro |
| Case Name: | KOSOVA, ALLA V | Filed (f) or Converted (c): | 08/16/16 (c) | |
| | | §341(a) Meeting Date: | 09/16/16 | |
| Period Ending: 10/26/17 | | Claims Bar Date: | 12/15/16 | |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property)  Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

she agreed to return the funds to her money; was not hers in the first place; debtor has owed funds to mother, has settled all debts

no written agreement for mother wiring funds and debtor giving back

when rec'd funds, debtor left it in account with Wells Fargo

not sure if executed security agreement/finance statement

mother is secured in construction defect lawsuit; debtor signed all rights of settlement funds to mother to settle all her debts; debtor drafted assignment; not recorded

every time there was a loan, she signed prom note

assignement does not pertain to $170k that we have

5-6 loans from mother; used for construction to live in Anthem Point: 11 Anthem Point

Robert: ownership interest in items not listed: life insurance; has term life insurance where kids are beneficiaries; 1 policy; no other items

prior to 2013 ex was involved in real estate; not sure if anything was xferred, sold, etc

debtors name is on deed for 11 Anthem Point

answered NO to people owing her money; District court case proceeds have been assigned to mother; debtor apparently has no rights to proceeds

not beneficiary to any will, trust, estate

since she is pregnant; she has cut down on work due to high risk

2014 Lexus was in TX on DOF

other vehicles: nothing

hhgoods: $30,000, located in TX; nothing worth anything in 11 Anthem Point; furniture is probably something she would donate; did not give anything to mother/father; china, silverware, kitchen

moving truck was U-Haul size; not sure who the carrier was; all goods moved in truck are still in TX; one was a U-Haul that debtor rented, not sure the other carrier; moved May/June 2014

electronics are all in TX

no collectibles

no exercise

clothes: $500 listed; she states more than $500, est value not sure; handbags Isabelle Fiori, Gucci, fake designer

jewelry: wedding ring was stolen by ex husband; no rings, no necklaces, no watches, no earrings

has worn jewelry belonging to daughter's jewelry; crystal studs

no animals

cash: $190k cashiers check: funds are accrued wages; she has redeposited the check; withdrew funds right before BK filing on advice from Ballstaedt as he stated the wages were exempt

LLC: bus. account was used as a personal account; she does not operate a business,

she shuffled her funds around to all accounts as she considered them all one account; wages went into one account and then she would transfer to whatever she wanted

testified that all the 190k was her wages, yet she said that $170k was mothers funds; she

the problem was all the funds were comingled; she should have kept mothers funds in separate account; she states trustee has the moeny; she aslo states she owes her mother $170k

when married they banked at BofA??

no accounts at Chase, Citibank, US Bank

no LLC's or business since divorced; other than TKC

Exhibit 8

Page: 16

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

| | |
|---|---|
| Case Number: | 16-11907-BTB |
| Case Name: | KOSOVA, ALLA V |
| | |
| Period Ending: | 10/26/17 |

| | |
|---|---|
| Trustee: | (007422)   Brian Shapiro |
| Filed (f) or Converted (c): | 08/16/16 (c) |
| §341(a) Meeting Date: | 09/16/16 |
| Claims Bar Date: | 12/15/16 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled And Unscheduled (u) Property)<br><br>Ref. # | Petition/<br>Unscheduled<br>Values | Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | Property<br>Abandoned<br>OA=§554(a) | Sale/Funds<br>Received by<br>the Estate | Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |

Rare Finds: sole member, has not always been sole member; since divorced; never went operational; no assets, no inventory, no tax returns, not on personal tax returns; not sure if ex used for something else; no property; might have owned real property when married, but not post divorce

no retirement accounts, annuities; educational accounts

no trusts; or grantor, grantee of trusts; no royalties

Ballstaedt said she shouldn't list construction defect claim as the proceeds were assigned

no credit cards, has corporate card: no charges

traveled here by Scott Laroque, fiancee

still pays on lease for MDM Properties, for Dolphin; settled for $500/mo

COO: manage employees, travel, business development; started low salary; started Jan 2015; was not COO, started as Contractual Liasion; at the time there was a COO that was exiting; salary was $75,000 at start; increased to $170k when became COO

Apr: salary was $12k/mo

oldest Son: in rehab in CA; gets out in a few weeks

youngest Son just moved to Orange Co, CA

rec'd raise sometime at end of 2015; yearly wage at 2106 is $300k; monthly income stated on Sched I was $10k off

post pet paystubs look the same as pre-petition

salary as of May 2016, after DOF pay went up

fiancee owns LLC that owns MD Med. Diagnostics; he does not get into negotiations re debtors salary

June 10 paystub: dir dep dropped to exact pre-petition pay, then rec's check for remaining amount; debtor requested it that way, bank statements are filed with court; paystubs are not filed with court; she thought they were; states she didn't do it due to bk

2 days after 6/4 paystub her case converted to Ch 11

no relationship with the Gerber's outside of business dealings re ex-husband; default judgment was entered against debtor; they rec'd a piece of property

no loan payments to insider

gambling losses: amount unknown

Ballstaedt: gave back $11,000 of the $12, 755 retainer; BS takes position that it is property of BK estate

reviewed MOR's

mother owns Dolphin court spa; has been in country 30+ years

Jenna Riley, receptionist at Mother's business: Dolphin Court Spa; no other relationship; no business dealings; she might have been a manager of ex husbands LLC

Ryan Moore: MDMS ex partner, was bought out

Terrence K: friend of the family; after divorce there were no business dealings

parents bought Terrance's house to loan money, then he has paid them back

salon: last salon was sold in 2015

no involvment in mothers llc's

no interest in MDMS

ex mighy have owned land in New Jersey; she rec'd funds post-petition from house sale in Jersey

did not assist in mothers default loan for 22 Anthem Point

gave mother $10,000 prior to BK; mother/step father paid for oldest son for rehab

Exhibit 8

Page:  17

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

| | |
|---|---|
| Case Number: 16-11907-BTB | Trustee:        (007422)    Brian Shapiro |
| Case Name:    KOSOVA, ALLA V | Filed (f) or Converted (c):  08/16/16 (c) |
| | §341(a) Meeting Date:  09/16/16 |
| Period Ending: 10/26/17 | Claims Bar Date:  12/15/16 |

| 1 Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | 2 Petition/ Unscheduled Values | 3 Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | 4 Property Abandoned OA=§554(a) | 5 Sale/Funds Received by the Estate | 6 Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
|---|---|---|---|---|---|

**Initial Projected Date Of Final Report (TFR):**        September 30, 2017        **Current Projected Date Of Final Report (TFR):**        June 13, 2017  (Actual)

Printed: 10/26/2017 03:51 PM    V.13.30

Exhibit 9

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| | |
|---|---|
| **Case Number:** 16-11907-BTB | |
| **Case Name:** KOSOVA, ALLA V | |

| | |
|---|---|
| **Trustee:** Brian Shapiro (007422) | |
| **Bank Name:** Rabobank, N.A. | |
| **Account:** ******6066 - Checking Account | |

| | |
|---|---|
| **Taxpayer ID #:** **-***5768 | |
| **Period Ending:** 10/26/17 | |

| | |
|---|---|
| **Blanket Bond:** $5,000,000.00 (per case limit) | |
| **Separate Bond:** N/A | |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br><br>Paid To / Received From | 4<br><br>Description of Transaction | <br><br>T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 08/31/16 | {18} | Wells Fargo Bank, NA | Turnover of funds in DIP account Wells Fargo #7265 | 1229-000 | 165,099.86 | | 165,099.86 |
| 09/02/16 | {6} | Wells Fargo Bank, NA | Turnover of funds in Wells Fargo accounts | 1129-000 | 11.03 | | 165,110.89 |
| 09/02/16 | | Wells Fargo Bank, NA | Turnover of funds in Wells Fargo accounts | 1229-000 | 16.39 | | 165,127.28 |
| 09/02/16 | {5} | Wells Fargo Bank, NA | Turnover of funds in Wells Fargo accounts | 1129-000 | 40.00 | | 165,167.28 |
| 09/02/16 | {7} | Wells Fargo Bank, NA | Turnover of funds in Wells Fargo accounts | 1129-000 | 42.52 | | 165,209.80 |
| 09/02/16 | {19} | Wells Fargo Bank, NA | Turnover of funds in Wells Fargo accounts | 1229-000 | 2,590.26 | | 167,800.06 |
| 09/02/16 | {3} | Wells Fargo Bank, NA | Turnover of funds in Wells Fargo accounts | 1129-000 | 37,816.38 | | 205,616.44 |
| 09/30/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 291.06 | 205,325.38 |
| 10/12/16 | | Seth D Ballstaedt | Turnover of retainer fee from Ballstaedt's office | 1290-000 | 11,000.00 | | 216,325.38 |
| 10/19/16 | | Seth Ballstaedt | | 1290-000 | -11,000.00 | | 205,325.38 |
| 10/31/16 | {21} | State Farm Fire and Casualty Company | Turnover of insurance proceeds. Order pending | 1290-000 | 64,935.84 | | 270,261.22 |
| 10/31/16 | {21} | State Farm Fire and Casualty Company | Turnover of insurance proceeds. Order pending | 1290-000 | 98,486.78 | | 368,748.00 |
| 10/31/16 | {21} | State Farm Fire and Casualty Company | Turnover of insurance proceeds. Order pending | 1290-000 | 302,405.15 | | 671,153.15 |
| 10/31/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 285.75 | 670,867.40 |
| 11/04/16 | {22} | Chase | Turnover of funds from former attorney | 1229-010 | 11,000.00 | | 681,867.40 |
| 11/14/16 | | INDYMAC VENTURE, LLC | Distribution per order entered 11/10/16. Dkt. | 4220-000 | | 209,622.50 | 472,244.90 |
| 11/15/16 | | From Account #******6067 | Transfer of funds per order entered 11/10/16. Dkt. 273 | 9999-000 | 400,000.00 | | 872,244.90 |
| 11/15/16 | | Scott Laroque | Distribution per order entered 11/10/16. Dkt. 273 | 5200-000 | | 209,622.50 | 662,622.40 |
| 11/30/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 1,672.47 | 660,949.93 |
| 12/30/16 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 948.08 | 660,001.85 |
| 01/11/17 | 101 | ATKINSON LAW ASSOCIATES, LTD. | Attorney fees per order entered on 1/4/17. Dkt. 295 | 3210-000 | | 71,306.00 | 588,695.85 |
| 01/11/17 | 102 | ATKINSON LAW ASSOCIATES, LTD. | Attorney expenses per order entered on 1/4/17. Dkt. 295 | 3220-000 | | 5,411.63 | 583,284.22 |
| 01/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 945.96 | 582,338.26 |
| 02/28/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 781.76 | 581,556.50 |
| 08/17/17 | 103 | Brian Shapiro | Dividend paid 100.00% on $136,723.33, Trustee Compensation; Reference: | 2100-000 | | 136,723.33 | 444,833.17 |
| 08/17/17 | 104 | Brian Shapiro | Dividend paid 100.00% on $482.27, Trustee Expenses; Reference: | 2200-000 | | 482.27 | 444,350.90 |
| 08/17/17 | 105 | PAUL HEALEY | Dividend paid 100.00% on $740.00, Accountant for Trustee Fees (Other Firm); | 3410-000 | | 740.00 | 443,610.90 |

| | | | | Subtotals : | $1,082,444.21 | $638,833.31 | |

Exhibit 9

# **Form 2**

Page: 2

## **Cash Receipts And Disbursements Record**

| | | | | |
|---|---|---|---|
| Case Number: | 16-11907-BTB | Trustee: | Brian Shapiro (007422) |
| Case Name: | KOSOVA, ALLA V | Bank Name: | Rabobank, N.A. |
| | | Account: | ******6066 - Checking Account |
| Taxpayer ID #: | **-***5768 | Blanket Bond: | $5,000,000.00  (per case limit) |
| Period Ending: | 10/26/17 | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br><br>Paid To / Received From | 4<br><br>Description of Transaction | <br><br>T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| | | | Reference: | | | | |
| 08/17/17 | 106 | Office of the United States Trustee<br>(ADMINISTRATIVE) | Dividend paid 100.00% on $650.00, U.S.<br>Trustee Quarterly Fees;  Reference: | 2950-000 | | 650.00 | 442,960.90 |
| 08/17/17 | 107 | MIDLAND FUNDING LLC | Dividend paid 100.00% on $1,692.84; Claim#<br>8 -2; Filed: $1,692.84; Reference: 6443 | 7100-000 | | 1,692.84 | 441,268.06 |
| 08/17/17 | 108 | IndyMac Venture, LLC | Dividend paid  30.05% on $1,467,974.60;<br>Claim# 5U; Filed: $1,467,974.60; Reference: | 7400-000 | | 441,268.06 | 0.00 |

| | | | |
|---|---|---|---|
| **ACCOUNT TOTALS** | 1,082,444.21 | 1,082,444.21 | $0.00 |
| Less: Bank Transfers | 400,000.00 | 0.00 | |
| **Subtotal** | 682,444.21 | 1,082,444.21 | |
| Less: Payments to Debtors | | 0.00 | |
| **NET Receipts / Disbursements** | **$682,444.21** | **$1,082,444.21** | |

Exhibit 9

## Form 2

Page: 3

### Cash Receipts And Disbursements Record

| | | |
|---|---|---|
| Case Number: | 16-11907-BTB | |
| Case Name: | KOSOVA, ALLA V | |
| | | |
| Taxpayer ID #: | **-***5768 | |
| Period Ending: | 10/26/17 | |

| | |
|---|---|
| Trustee: | Brian Shapiro (007422) |
| Bank Name: | Rabobank, N.A. |
| Account: | ******6067 - Checking Account |
| Blanket Bond: | $5,000,000.00  (per case limit) |
| Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br><br>Paid To / Received From | 4<br><br>Description of Transaction | <br><br>T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 11/03/16 | | Scott LaRoque | Turnover of settlement funds. Order entered11-10-16. Dkt. 273 | | 3,100,000.00 | | 3,100,000.00 |
| | {20} | | 1,000,000.00 | 1249-000 | | | 3,100,000.00 |
| | {23} | | 400,000.00 | 1249-000 | | | 3,100,000.00 |
| | {1} | | 1,700,000.00 | 1110-000 | | | 3,100,000.00 |
| 11/14/16 | | Indymac Venture, LLC | Distribution per order entered 11/10/16. Dkt. 273 | 4220-000 | | 2,700,000.00 | 400,000.00 |
| 11/15/16 | | To Account #******6066 | Transfer of funds per order entered 11/10/16. Dkt. 273 | 9999-000 | | 400,000.00 | 0.00 |

| | | | |
|---|---|---|---|
| ACCOUNT TOTALS | 3,100,000.00 | 3,100,000.00 | $0.00 |
| Less: Bank Transfers | 0.00 | 400,000.00 | |
| **Subtotal** | 3,100,000.00 | 2,700,000.00 | |
| Less: Payments to Debtors | | 0.00 | |
| **NET Receipts / Disbursements** | **$3,100,000.00** | **$2,700,000.00** | |

| TOTAL - ALL ACCOUNTS | Net<br>Receipts | Net<br>Disbursements | Account<br>Balances |
|---|---|---|---|
| **Checking # ******6066** | 682,444.21 | 1,082,444.21 | 0.00 |
| **Checking # ******6067** | 3,100,000.00 | 2,700,000.00 | 0.00 |
| | $3,782,444.21 | $3,782,444.21 | $0.00 |